CASE 39—PETITION EQUITY—DECEMBER 9.

# Harris &c. v. Calmes.

APPEAL FROM LEE CIRCUIT COURT.

1. RESCISSION OF DEED ON GROUND OF MISTAKE—EVIDENCE.—In an action by the grantor in a deed to rescind the same upon the. ground that an express covenant by the grantee to erect a residence and mill on the lot conveyed was left out by mistake—the residence and mill not having been erected—the recitation in the deed that it was conveyed "for the purpose of erecting a residence and mill thereon," together with unusual and valuable concessions looking to such erection made therein by the grantor, and the admission of the grantee that he did at the time the deed was made intend to erect them, are sufficient to satisfactorily establish the allegation.

2. INTERVENING EQUITY—NOTICE.—The subsequent purchaser having had at the time of his purchase notice of the consideration and condition of the sale and conveyance between the original parties, there is no intervening equity to prevent the rescission.

J. B. WHITE FOR APPELLANTS.

1. Where a valuable and fair consideration has been paid by a purchaser for land, the insertion in the deed of a mere purpose of the parties to the sale, if not realized, forms no grounds for rescission of the contract, and oral evidence can not be admitted to supply facts not expressed in the deed not inferable from its. language, creating obligations not undertaken. (Caldwell v. Caldwell, 1 J. J. Mar., 53; Mathey v. Wood, 12 Bush, 294; Johnson v. Mitchell, 1 Mar., 225: Turner v. Clay, 3 Bibb, 53; Bowman v. Bates, 2 Bibb, 51.)

G. W. GOURLY FOR APPELLEE.

1. Where from the language of the deed (though not clearly expressed), it is evident that the erection of improvements was part of the consideration, a failure to erect the improvements will be ground for rescission of the contract by a court of equity. (Barnes v. Barnes, 12 L. R., 708.)

SAMUEL H. PATRICK ON SAME SIDE.

1. Written instruments will be reformed at the instance of any aggrieved party, by a court of equity.    (Story's Equity Jurisprudence, sec. 155.)

2. The whole instrument must be considered in construing contracts in order to ascertain the full intention of the parties.    (Smith on Contracts, p. 542.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1890 appellee Calmes executed to appellant Harris a deed as follows: "That the said party of the first part, in consideration of $100, in hand paid, * * * does hereby sell and convey to the party of the second part * * * the following described property, viz., two acres of land on the south side of Kentucky river, in Lee county, *for the purpose of erecting a residence and mill thereon,* said land bounded as follows: * * * Also a free right to use water from the spring situated near the above-described tract of land; also the free right to pipe or trough water from any part of the farm now owned by the party of the first part, but not to obstruct any passway nor exhaust said Calmes' supply of water, with a free right of way to and from above described tract of land.    To have and to hold the same, with all the appurtenances thereon, unto the second party, * * * with covenant of general warranty, *for the purposes herein named.* * * * *The said Calmes is to have refusal if said land is sold by said Harris.*"

Harris did not erect a residence or mill upon the tract of two acres, nor does he now claim the right or assert an intention to ever do so.    On tue contrary, he sold the land to appellant, James Durbin, at the advanced price

of $200, who has a residence upon it, and he there re-
tails brandy as a distiller.

Appellee, therefore, brought this action to rescind
the contract, which the lower court adjudged is to be
done upon terms that appellee repay the $100 and in-
terest, be allowed as set-off rents, and also pay for valu-
able and lasting improvements.

Whether the language used in the deed amounts to
or falls short of a covenant by Harris to erect on the
land a residence and mill, it is manifest such was the
intention of the parties; for, independent of the posi-
tive statement of appellee and admission by appellant
Harris that he intended at the time of the purchase to
do so, it is plainly stated in the deed the land was sold
and conveyed and title warranted for such purposes.
Besides, the unusual and valuable concession of not
only the free use of water from the spring, but also the
right to pipe water from any part of appellee's farm,
together with the right of way in any direction to and
from the two acres, show the parties had, when the
deed was executed, in contemplation the erection by
Harris of the residence and mill as part consideration
for the sale.

We, therefore, think the statement in appellee's peti-
tion that an express covenant by Harris to erect the
residence and mill was omitted by mistake is fully and
satisfactorily established; and, being so, his right to
have, in a court of equity, the mistake corrected and the
terms of the deed, as thus amended, complied with on
the part of Harris, or, in case of his refusal, rescission of

the contract, is unquestionable. And as appellant Durbin does not deny he, at the time of his purchase, had notice of the consideration and condition of the sale and conveyance by Calmes to Harris, there is no intervening equity to prevent the rescission.

Judgment affirmed.