FERGUSSON *v.* FERGUSSON.

Opinion delivered April 18, 1921.

1. WILLS—INTENTION—CONSTRUCTION.—All the provisions of a will should be construed together in order to give effect to the manifest intention of the testator as shown by the language of the will in the light of the surrounding circumstances.

2. TRUSTS—AUTHORITY OF TRUSTEE TO EXECUTE MORTGAGE.—Under a will conveying the testator's property to his son in trust for the son's children, giving the trustee full power and authority to sell and dispose of all property, and to manage, handle and deal with it the same as in his discretion may seem best, the trustee was authorized to mortgage a farm to procure necessary funds to operate it.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

### STATEMENT OF FACTS.

Appellants brought this suit in equity against appellee to enjoin him from mortgaging the land described in the complaint.

The complaint alleges that the appellants are the owners of the land described therein which appellee holds in trust for them by virtue of a will executed by their grandfather and duly probated after his death. A portion of the will in question is as follows:

"I give, devise and bequeath to my son, John P. Fergusson, as trustee, all the property of every nature and kind, real, personal, and mixed, of which I may die seized or possessed, or in which I may have an interest at the time of my death. To have and to hold unto the said trustee for the following uses and purposes:

"Said trustee shall invest $10,000 in real estate, such investment to be agreed upon by the trustee and my brother, Van L. Fergusson. The title to said property shall be taken in the name of the trustee, but the management of the place shall be left to my brother, Van, who shall have all the rents and profits and emoluments arising from the said property and its use for the use of himself and my mother, Laura J. Kincheloe. Upon the death of either my mother or my brother, the rents, profits, and emoluments of said land shall thereafter belong to the survivor of them. Upon the death of both my brother and my mother, the rents, profits and emoluments of the land shall revert to the trustee. The trustee shall pay $50 on the first day of each month to my brother, Van L. Fergusson, during the time between my

death and the purchase of the $10,000 worth of real estate, but such payments shall cease when the real estate is purchased and turned over to my brother. If the real estate so purchased shall prove unprofitable, the trustee shall have the power, with and by the consent of my brother, Van, to sell said property and reinvest the proceeds in other property which shall thereupon be delivered to my brother and used by him the same as above stipulated for the original investment. During the time between the sale of one piece of property and the purchase of another, the trustee shall pay over to my brother, Van, $50 on the first day of each month.

"I give and bequeath to said John P. Fergusson, as trustee, full power and authority to sell, and dispose of any or all of the property bequeathed to him, and to manage, handle, and deal with the same as in his discretion may seem best. He is to hold the same for the use and benefit of his children, John Wright Fergusson and James McFerrin Fergusson, and all other children which may hereafter be born to him. At the death of my said son, all property remaining in his hands as trustee shall immediately vest in his children, share and share alike. During his life, my said son may use and expend the rents, profits, income and emoluments of said property for maintenance, support, and education of his children in such a manner as to him shall seem best, and may invest the surplus at his discretion, and, upon his death, the division of the property then remaining in his hands as trustee shall be equal among his children without taking account of the amount theretofore expended for the use of each child."

The record shows that appellee and his father each owned an undivided one-half interest in the land described in the complaint; that the father devised his interest to appellee in trust as set out in the will above; that 497 bales of cotton were raised on the place during the year 1920, and that appellee was unable to sell them to any advantage on account of existing conditions; that it was necessary to borrow money with which to run the

place during the present year; that he desires to borrow money and run the place in the way in which it has been run during past years and in which other places of similar character in that vicinity are operated; that it is highly essential that the place be cultivated in order to prevent great deterioration of the land and the improvements thereon; that the laborers on the place would leave and it would be very difficult to get them back and to restock the place with farming implements, feed and mules.

The chancellor found that under the terms of the will of J. W. Fergusson, deceased, appellee was authorized to mortgage the land in question. The chancellor further found that it was to the best interest of the trust estate and of appellants that the loan contemplated be made, and that such action was necessary to preserve the property from waste.

It was, therefore, decreed that the complaint of appellants be dismissed for want of equity, and that appellee be authorized to borrow the money to enable him to cultivate the land in question for the current year.

The case is here on appeal.

*Danaher & Danaher,* for appellants.

Under the terms of the will the trustee had no power to mortgage the trust estate. The word "mortgage" is not used in the will, and the words "sell and dispose of" do not include the power to mortgage. 31 Cyc. 1080.

The appellee, *pro se.*

The cases cited by appellant do not apply, as the case here is different. The will gives the trustee power "to sell and dispose of" the lands and to manage, handle and deal with same as his discretion may deem best, and this includes the power to mortgage. 39 Cyc. 382; 115 Ill. App. 284; 124 Iowa 296; 15 La. Ann. 386; 3 Tenn. Chy. 124; 62 Tex. 642.

HART, J. (after stating the facts). In *Heiseman v. Lowenstein,* 113 Ark. 404, the court held that a mere power given to a trustee, under a will, to sell and con-

vey the trust property, does not include the power to mortgage it. The court, however, in that case adhered to the cardinal principle that, in construing a power, the intention of the donor is of paramount importance and recognized that the power to sell in connection with other language used may include the power to mortgage. All the provisions of the will should be construed together in order to give effect to the manifest intention of the testator, as shown by the language of the will in the light of the surrounding circumstances.

Applying this test to the will in the present case, we are of the opinion that the intent of the testator was to give his son, as trustee under the will, power to mortgage the property as well as to sell and convey it. The terms of the will show that the testator reposed great confidence in his son. It gave him power to sell the real estate if it should prove unprofitable and invest the proceeds in other property. Then he uses this language: "I give and bequeath to said John P. Fergusson, as trustee, full power and authority to sell, and dispose of any and all of the property bequeathed to him, and to manage, handle, and deal with the same as in his discretion may seem best. He is to hold the same for the use and benefit of his children, John Wright Fergusson and James McFerrin Fergusson, and all other children which may hereafter be born to him."

The power to manage and deal with the land for the benefit of the sons of the trustee and the grandsons of the testator was the primary object of the creation of the trust and the paramount duty of the trustee. The father confided the full management and control of the property to his son for the benefit of his grandchildren, and left him to use his best judgment and discretion in the matter. Under the power conferred by the will, if he thought it would be to the advantage of the children for him to sell and dispose of the land, he had the power to do so. In connection with the power to sell and dispose of any or all of the property, he was given the power to manage, handle, and deal with the same as in his discretion may

seem best. This included the power to improve and operate the farm and necessarily called for the exercise of discretion in the premises. In the exercise of this discretion appellee deemed it to the advantage of the beneficiaries that he procure the necessary funds to operate the farm by mortgaging the land. The language used shows that the testator intended to invest the trustee with broad and discretionary powers in the control and management of the property in order to make the land productive and profitable to the objects of his bounty. Otherwise, the trustee might be compelled to sell the land for the payment of the debts already incurred, even though this course would be ruinous to the best interests of all parties concerned, and even though it might be greatly to the advantage of the beneficiaries for the trustee to retain the management of the farm and incur further indebtedness in making the present crop. These views are supported by the following cases: *Hamilton* v. *Hamilton* (Iowa), 128 N. W. 380; *Kent* v. *Morrison* (Mass.), 10 L. R. A. 756; *Faulk* v. *Dashiell,* 62 Tex. 642, 50 Am. Repts. 542; *Lardner* v. *Williams,* 98 Wis. 514; *re Phillip Lueft, Jr.* (Wis.), 7 L. R. A. (N. S.) 263; *Roberts* v. *Hale,* 124 Iowa 296; *Funkhouser* v. *Porter* (Ky.), 107 S. W. 202; *Loebenthal* v. *Raleigh,* 36 N. J. Equity 169, and *Hamilton* v. *Mound City Mutual Life Ins. Co.,* 3 Tenn. Chy. Repts. 124.

It follows that the decree must be affirmed.