## JACKSON et al. v. TEMPLIN.
### No. 4035.

Court of Civil Appeals of Texas.   Texarkana.
June 18, 1931.

Rehearing  Denied  July 2, 1931.

Cunningham & Lipscomb, of Bonham, for appellants.

J. Cleo Thompson, of Dallas, and Clark, Harrell & Clark, of Greenville, for appellee.

LEVY, J. (after stating the case as above).

The question presented for consideration is the purely legal one of whether the trustee had the power to borrow the money by mortgage to pay the taxes and improve the property. The will placed the legal title of the estate in trust in the trustee for the purpose in view of providing for the maintenance and support of the testator's daughter, Kate. For the accomplishment of which purpose the trustee was expressly given "the full power to rent or sell any of said trust estate as may seem best, save the home place, which I desire to pass as provided (herein), that is, one half to Kate for her life and then to go to my children then living or their heirs." No portion of the will indicates an intention to restrict or qualify this general authority by limiting the sale to any specific method of transfer. It thus plainly appears from the will that the trustee was affirmatively denied any power to pass the legal title, by sale or in any other way of transfer, to "the home place." The "home place" was to remain absolutely intact and was not in any event to be sold by the trustee. But as to the remaining portion of the trust estate, as plainly appears from the will, the trustee was to have the absolute management and control with the unrestricted and unlimited power of sale thereof. The general authority as is thus conferred upon the trustee necessarily confides to his judgment the mode by which he shall give effect to the purposes of the trust. In conferring the simple power of sale the authority was conferred thereby to mortgage the property in suit according to the rule applied in Faulk v. Dashiell, 62 Tex. 642, 50 Am. Rep. 542. Such rule was followed in McCreary v. Bomberger, 151 Pa. 323, 24 A. 1066, 31 Am. St. Rep. 760; Waterman v. Baldwin, 68 Iowa, 255, 26 N. W. 435; Kent v. Morrison, 153 Mass. 137, 26 N. E. 427, 10 L. R. A. 756, 25 Am. St. Rep. 616; Fergusson v. Fergusson, 148 Ark. 290, 229 S. W. 738; and other similar cases. In the

Faulk Case, supra, the will conferred the authority to "sell, exchange, and dispose of" the estate as the executor may deem best for the interest of the children. Quoting from the opinion: "It is laid down in many cases that a power of sale implies a power to mortgage. [Citing cases.] In some other cases this doctrine has been denied, and in its application subjected to considerable modification. [Citing cases.] Without attempting to indicate which of these lines of decision should be accepted as furnishing the proper rule to follow, it is sufficient to say that, under this state of the law upon the point, the testatrix might well have supposed that in conferring the power 'to sell' the authority was conferred thereby to mortgage the property." The court then proceeded to explain that the superadded words "dispose of" did not import a lesser power, but were words of the same and not lesser meaning than the words "to sell." The decision in that case was rested entirely upon the intention of the testator to arm the executor with the plenary power "to sell" the trust estate, and the power to sell the land included the power to mortgage the property. The Faulk Case was cited to and approved in Quisenberry v. Land-Mortgage Co., 92 Tex. 247, 47 S. W. 708, 709. The Quisenberry Case was differentiated by the words of the will which restricted the right of "sale" by Beatty to a "sale" which shall have "dispossessed himself of the title" at the time of conveyance. As stated by the court, "the mortgage did not dispossess him of nor alienate the title, and was therefore unauthorized and void." And, too, the cases cited of Willis v. Smith, 66 Tex. 31, 17 S. W. 247 and Mansfield v. Wardlow (Tex. Civ. App.) 91 S. W. 859, are not similar cases. It is believed that the Faulk Case, supra, is analogous to the instant case on the point under consideration, and controls the ruling.

The judgment is accordingly affirmed.