Argued March 17; affirmed June 21; rehearing denied
September 14, 1932

. BUSSONE ET AL *v*. MARSH ET AL.
(12 P. (2d) 329)

*Louis E. Schmitt,* of Portland (Bradley A. Ewers,
of Portland, on the brief), for appellants.

*Warren E. Thomas,* of Portland (Chamberlain,
Thomas, Kraemer & Powell, Manning & Harvey, and T.
G. Ryan, all of Portland, on the brief), for respondents.

* * *

■ BROWN, J. The power to convey a fee simple title to lands in which the grantor possesses but a life estate depends upon the intention of the testator as expressed in his will. See *Gildersleeve v. Lee*, 100 Or. 578 (198 P. 246, 36 A. L. R. 1166, 1171), where we wrote:

"The power of plaintiff to convey a fee-simple estate depends upon the terms of the will. In construing a will, its provisions must be considered together; the words are to be taken in their usual and ordinary sense, unless it appears that they are used in a technical or a special sense, or unless when applied to the subject matter they have a technical or special meaning; and the intention of the testator is paramount and controlling, so far as that purpose is within the law.

"It is but the statement of a commonplace rule of law to observe, in the interpretation of the provisions of a will, that the intention of the testator as therein expressed must prevail. The statute of this state commands that all courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator in all matters brought before them: Section 10124, Or. L.; Moreland v. Brady, 8 Or. 303, 34 Am. Rep. 581 [and many other local citations]."

In 36 A. L. R., at page 1180, there appears a valuable note involving the subject of absolute power of disposition in life tenant as elevating life estate to fee, where the annotator states the following "Majority Rule," supported by a multiplicity of decisions:

"The great majority of the cases support the view that where an estate for life, with remainder over, is given, with a power of disposition in fee of the remainder annexed, the limitation for the life of the first taker will control, and the life estate will not be enlarged to a fee, notwithstanding the power of the life tenant to dispose of the fee."

In the case at bar, among other authorities relied upon by the plaintiffs is *Hamilton v. Hamilton,* 149 Iowa 321 (128 N. W. 380), where it was held:

"That a life estate may be created with power annexed authorizing the life tenant to defeat or extinguish the remainder over by sale and conveyance of the fee is too well settled in this state and in most of the states to admit of serious argument. Webb v. Webb, 130 Iowa 457, 104 N. W. 438; Wenger v. Thompson, 128 Iowa 750, 105 N. W. 333; Podaril v. Clark, 118 Iowa 264, 91 N. W. 1091; Spaan v. Anderson, 115 Iowa 121, 88 N. W. 200. It is, of course, equally true that the grantor or testator may, if he so elect, make the exercise of the power subject to the order or approval of the court or any other restriction which he sees fit to

impose, and a sale or conveyance in disregard thereof will be void as against the remaindermen. As, however, it is competent for the grantor or testator to make the power full and unlimited, the court will not ordinarily impose any restriction or assume any control over its exercise which is not expressed or clearly implied in the grant or devise by which it is created. It not infrequently happens, as in the present case, that the grant or devise of power to the life tenant is limited to a sale or other disposition to meet some contingency which may or may not arise in the future. The question who is to determine when the contingency so provided against has arisen, thus maturing the power to convey, is one which has quite frequently occupied the attention of the courts, and in the great majority of cases it is held that if the grant of power be otherwise full or general in its terms, and the determination of the question is one which involves the exercise of judgment and discretion, the decision made in good faith by the life tenant himself is final and conclusive.''

The testator herein devised all his property to his wife, Sarah Palmer Richardson, ''to hold, own, and dispose of for her own benefit during her entire life.'' He then provided that each of his eight children should be paid one dollar, ''in full of all demands during the time of my wife's life.'' Continuing, he provided for the disposition of ''whatever may be left of my estate, real, personal, or mixed,'' upon the death of his wife.

■ Does this devise carry with it the added power to sell, or did the testator simply grant a life estate to the widow, with the remainder over to the children?

In the early case of *Winchester v. Hoover,* 42 Or. 310 (70 P. 1035), this court held that the clause of a will devising to the wife of testator certain real estate, ''to have and hold during her life, * * * to pay my debts, to support herself, and to maintain and educate minor children'' did not enlarge upon its terms or

invest her with any greater estate or interest in the property than that expressly given in the will. In that case the court held:

"There is no power of sale given to the widow by the will, and, if there had been, it would not have had the effect to enlarge her estate into a fee, but would simply mean that she might fully and freely dispose of her estate in the property as a tenant for life."

In the case of *Weston v. Second Orthodox Congregational Society,* 77 N. H. 576 (95 Atl. 146), Mr. Chief Justice Parsons, in delivering the opinion for the Supreme Court of New Hampshire, wrote:

"Mrs. Brown's will is not the product of a professional scrivener whose use of terms might be influenced by judicial decision as to their meaning. Reading it as the product of ordinary acquaintance with the English language, little difficulty is found in arriving at her intention. She intended to give her husband something more than a life estate, or the alternative clause, 'or to dispose of for his support or benefit' would not have been inserted. If she had intended an absolute fee, the words descriptive of a life estate and remainder would have been omitted. Her purpose plainly was that he should make such use of the estate as he might deem necessary, and that at his death all not disposed of by him should go to the society. This is not an impossible estate. Shapleigh v. Shapleigh, 69 N. H. 577, 44 Atl. 107. The power of disposal annexed to the life estate does not necessarily enlarge it to a fee and destroy the gift in remainder, contrary to the testatrix's intention. Burleigh v. Clough, 52 N. H. 267, 13 Am. Rep. 23. The estate which Mrs. Brown intended her husband to have in her property being neither illegal nor impossible, her intention creates such estate irrespective of the failure to employ technical terms in its description. Hayward v. Spaulding, 75 N. H. 92, 71 Atl. 219."

In the consolidated cases of *Fink v. Leisman* and *Fink v. Hoblitzer,* 38 S. W. 6, the beneficiary under

the will, who received only a life estate in certain property, was given "power to sell property" so devised to her if she should so elect. As to the intention of the testator to clothe his widow with power to pass the fee by a sale of such property, Pryor, C. J., rendering the opinion for the court, said:

"The power of sale is derived from the will of her husband, Simon Fink. He gives to her all of his personal, mixed, and real estate property during her lifetime, with full power to sell property if she sees proper, etc. He further provides that after her death he wants all his property, real, personal, and mixed, what may have been left, divided between his children, showing clearly an intention on his part to vest in her the power to pass the fee by a sale of the property, real or personal."

The case of *Colburn v. Burlingame,* 190 Cal. 697 (214 P. 226, 27 A. L. R. 1374), is interesting and instructive, and, in principle, is squarely in point here. In that case the testator devised to the wife a life estate in all real and personal property, "to have and to hold, occupy or use the whole or any part thereof in such manner as may in her judgment seem best for her own individual benefit and support," the remainder at her death to go to his brothers and her sister. The wife remarried, and the testator's brothers brought action for an accounting of property which had come into her possession under the will, on the ground that certain expenditures made by her were not within the purposes of the will. In determining upon the construction to be placed upon that will, the California Supreme Court quoted from the case of *Hardy v. Mayhew,* 158 Cal. 95 (110 P. 113, 139 Am. St. Rep. 73), where it was written:

"It appears to be settled by the overwhelming weight of authority that the mere fact that the first taker is invested with the power to dispose of or con-

sume the whole of the property for certain purposes
does not invest him with the absolute ownership thereof
and render the gift over void where taking the whole
instrument together it is concluded that the intent was
to give only an estate for life, with limited power of
disposal or consumption.''

Continuing the Colburn case, the court said:

''And the rule thus announced was followed in Lus-
comb v. Fintzelberg, 162 Cal. 440, 123 P. 247.   *   *   *

''The case of Allen v. Hirlinger, 219 Pa. 56, 67 Atl.
907, 13 L. R. A. (N. S.) 458, 123 Am. St. Rep. 617, is
quite similar in its facts to the present, and the ques-
tions here arising were there considered, and many of
the cases cited in the briefs of appellants and respond-
ent are there referred to. We cannot do better than
quote from the opinion written by Mr. Chief Justice
Mitchell:

'' 'The testator directed the payment of his debts
and a small legacy to his daughter, and then devised
the residue of his estate to his wife for life or widow-
hood, with permission to use and live therefrom and to
have the full ownership, the same as he had himself
during his life, and at her death whatever should re-
main to be given to his daughter. The class of wills
to which this belongs present inherent difficulties in
construction by their indication of an intent not accu-
rately defined in the testator's own mind, if not of
double and to some extent conflicting intents. The
testator gives to the first taker the estate, or, what
is practically the same thing, the power to consume
the whole, and yet manifests his expectation at least,
if not his intention, that it shall not all be consumed.
These two purposes, manifestly present in his mind,
but not accurately defined, and their possible conflict
perhaps not perceived at all, at once raise the ques-
tion: Has the will limited the estate given, or has it
attempted to deprive the estate given of some of its
essential legal properties? The cases must be classified
on this line of distinction. In Good v. Fichthorn, 144
Pa. 287, it was said: ''The true test of the effect of

language apparently at variance with other parts of the devise, is whether the intent is to give a smaller estate than the meaning of the words of the gift standing alone would import, or to impose restraints upon the estate given. The former is always lawful and effective; the latter rarely, if ever; the first, because the testator's intention is the governing consideration in the construction and carrying out of a will; the second, because even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of its essential legal attributes.'' While similar language has been differently construed in different wills, yet the difference has been in the application, not in the guiding principle. The effort has uniformly been to discover the actual principal intent of the testator, and where that has been clear there is no case in which it has been departed from. * * * Taking up the present will in view of the foregoing principles, it does not appear to leave any doubt as to the testator's actual and main intent. The words are:

' ''Third. All the balance, or whatever may remain then of my estate, real, personal and mixed, I give, devise and bequeath to my beloved wife Leora whom I desire to be the real owner thereof, and for her only proper use, benefit and behoof during her natural life, or so long as she remains my widow, with full permission to her to use and live therefrom as her necessities may require, and she to have the full ownership thereof, the same as I now have and have had during my natural life.

' ''Fourth. When my beloved wife dies my will is whatever may then remain of my estate, real, personal or mixed, I desire that the same remaining portion, if any, be given to my beloved daughter Mary.''

'The gift to the widow is of the estate, she to be ''the real owner thereof'' and ''with full permission to her to use and live therefrom as her necessities may require.'' And she is to have ''the full ownership thereof the same as I now have and have had during my natural life.'' It is plain that he meant her to have

whatever her necessities should require, even to the extent of the entire estate, as he had himself undoubtedly had during his lifetime. * * * There was no limit put on her use. If she needed the whole, she was to have the whole. But it is plain that he did not think she would need the whole, and expected that there would be something left, and this residue, be it much or little, he gave to his daughter. * * * The appellant does not have a fee simple, for she could not make a valid devise of what may be left at her death, as that would go under the testator's will to his daughter. But appellant has an unlimited power to consume, and, as said in the very analogous case of Kennedy v. P. & L. E. R. R. Co., 216 Pa. 575, the power to consume real estate necessarily includes the power to convey. Her deed, therefore, will convey a good title.' "

Without qualification we subscribe to the foregoing doctrine. A multitude of authorities might be here set out sustaining the position heretofore taken by this court, and to which we adhere in this decision. But this we deem unnecessary. We are confident that the determination by the trial court is in accordance with the law.

The decree appealed from is affirmed.

BEAN, C. J., BELT and CAMPBELL, JJ., concur.