Argued September 29; affirmed November 22; rehearing denied December 30, 1932

ROSE CITY CO. *v.* LANGLOE ET AL.

(16 P. (2d) 22)

*Louis E. Schmitt,* of Portland (Bradley A. Ewers, of Portland, on the brief), for appellants.

*Will H. Masters,* of Portland, for respondent.

██ ROSSMAN, J. At the time of his death, J. J. Richardson owned the property described in the mortgage. By the provisions of his will (for a copy see *Bussone v. Marsh,* 140 Or. 331 (12 P. (2d) 329)) he devised these premises to Sarah Palmer Richardson, his widow, the mortgagor. In the Bussone case, wherein the identical will now before us was construed, we held that the will passed to the widow a life estate with power to alienate the fee, and that upon her death what remained went to the children. We remain entirely satisfied with that conclusion. The new question presented by the children in this appeal is whether the provisions of the will empowered the widow to mortgage the property. The money borrowed was deposited in her account by the mortgagee, and the transaction was not attended by any bad faith. In *Trutch v. Bunnell,* 5 Or. 504, this court held that section 869 of the Civil Code of 1872, which is section 28-1003, Oregon Code 1930, and which empowers a guardian of minors to rent, sell or make other disposition of their property, authorized the guardian to mortgage the property. In *Trutch v. Bunnell,* 11 Or. 58 (4 P. 588) (being the identical case again brought before this court because of a defect in jurisdiction in the first suit) this court held to the direct contrary. The decision in the second suit pointed out: "The power to mortgage, as a mortgage is construed in this state, is incidental to another power—the power to borrow money. Before there can be a power to mortgage, there must be a power back of the mortgage to contract the debt which the mortgage is given to secure." The decision pointed out that the word "dispose" had no fixed legal meaning, and that its meaning was to be determined somewhat by the words in association with it in the context. It held that the rule of strict construction was ap-

plicable. Since none of the other words used in the legislative act upon which the mortgagee depended indicated that the word "dispose" was intended to confer a power to mortgage, the court held that the guardian possessed no such power. In *Beakey v. Knutson,* 90 Or. 574 (174 P. 1149, 177 P. 955), substantially the same problem was before this court. There a will conferred the power "to sell, dispose of and use" for the benefit of minor children. The same result was reached. It will be observed that in the Beakey and Trutch cases the power to dispose of property was conferred upon its recipient not for his benefit nor that of the grantor but for the benefit of minor children. In our present instance, as is evident from Mr. Justice BROWN's decision in *Bussone v. Marsh,* supra, the power to dispose was conferred for the benefit of its recipient, the widow. It is very clear from the terms of the will, and likewise from the evidence before us, that the testator was anxious that the property which he possessed at the time of his death should be enjoyed by his widow and should enable her to acquire the necessities and comforts of life. Very likely he thought that the words which he had used would enable his widow to do anything with the property which he had been able to do. She was the primary object of his solicitude. He also thought of his children, and provided in his will that whatever remained of the estate at the time of his widow's death should be distributed among them. It is our duty in construing the will to consider all of its parts, and, in the light of the entire instrument, determine the meaning of any specific part; in other words, we ascertain the intention of the testator from the whole instrument. A consideration of the entire instrument warrants the observations expressed above: that the testator was solicitous for

the comfort of his wife and, therefore, placed his estate at her disposal. It was not a power merely to sell given to an agent, attorney or trustee for the benefit of the grantor or some third party, but it was a power conferred upon the widow for her benefit, and the words which express the power are amplified by other words of the will which clearly point out that the testator desired his wife to possess that complete control over the property needed to insure her well-being. We are firmly persuaded that the testator's use of the word "dispose," when construed in conjunction with its associates, granted the power to mortgage. The conclusion at which we have arrived has been reached by other courts concerned with the same problem: *Hamilton v. Hamilton,* 149 Iowa 321 (128 N. W. 380); *Trigg v. Trigg* (192 S. W. 1011); *Swarthout v. Ranier,* 143 N. Y. 499 (38 N. E. 726); *Kent v. Morrison,* 153 Mass. 137 (26 N. E. 427, 25 Am. St. Rep. 616, 10 L. R. A. 756); *Fergusson v. Fergusson,* 148 Ark. 290 (229 S. W. 738); *Blauvelt v. Gallagher,* 22 Misc. Rep. (N. Y.) 564 (49 N. Y. S. 608).

It follows from the foregoing that the decree of the circuit court is affirmed.

BEAN, C. J., RAND and KELLY, JJ., concur.