Pearson, J,
 

 The will of Tobias Hendricks contains this olause: “I will and bequeath unto my son Solomon 80 acres of land, the place on which he lives, getting his complement on the north side. I will and bequeath unto my daughter Mary, the remainder of the place, on which my son Solomon lives.” Mary is the plaintiff, together with her husband, and Alderd an alleged purchaser under them. And Solomon is the defendant. The bill alleges, that the tract contains about 130 acres ; and the defendant refuses to make a division by running a strait line across the tract, so as to take off 80 acres for him on the North side, or to make one any other way. The prayer is that a partition may be made by a decree of this Court.
 

 A demurrer was sustained in the Court below'. In this, there is error.
 

 It is said, this bill is an application to a Court of Equity, to put a construction upon a devise ; which, being purely a legal question, should be decided in an action of ejectment, and a Court of Equity has no jurisdiction.
 

 We grant, that a Court of Equity never has assumed jurisdiction,
 
 simply to construe a devise,
 
 for, it is in the nature of a conveyance. The title passes
 
 directly
 
 to the de-visee. In this, it differs from a will of personal estate : for a will does not pass a “ chattel” directly to a legatee, but
 
 mediately,
 
 by first giving it to the executor, whose assent is necessary to vest the legal title. Hence, there is a trust, or something in the nature of a trust, and upon that ground, Courts of common law jurisdiction do not give a remedy
 
 *86
 
 for legacies : for which reason, and for the further reason, ¡that the right to a legacy always involves a matter of account, Courts of 'Equity have assumed jurisdiction to construe wills in regal’d to personal estate, so as to -settle '¡the balances and establish the right of legatees. A devisee ¡has a plain legal right, and can by an action of ejectment, obtain a construction of the devise, just as a bargainee can do •in reference to a deed.
 

 But Courts of Equityhave always taken jurisdiction in ¡cases of
 
 partition,
 
 and if, in the exercise of that jurisdiction, it becomes necessary incidentally to put a construction upon a devise, there is no reason, when the Court is •constituted like ours, — that is, when both Courts are held by the same judge — why the judge, sitting in a Court of Equity, should arrest the case, and send it to himself, sitting in a Court of common law, for the purpose oí obtaining a construction of the devise. This is every day practice. If a case is
 
 in a Court of the Equity,
 
 and it becomes necessary, in order to the decision, to say whether by a ¡proper construction, “ the rule in Shelly case” (for instance) applies, that Court proceeds to determine the ■.question, whether it be presented by a deed or by a devise.
 

 The amount of it is this. Á Court of Equity will not ¡take jurisdiction, simply to put a construction on a deed ■or a devise; because that is a pure legal question. There a plain remedy at law, and such an assumption, on ■the part of a Court of Equity, would break down all distinction between the two jurisdictions. But where a case ¡is properly in a Court of Equity, under some of its known -and accustomed heads of jurisdiction, and a question of ¡construction incidentally arises, the Court will determine ■it, it being necessary to do so, in order to decide the cause.
 

 The present is a case strictly of partition, and there is
 
 *87
 
 no remedy except in a Court of Equity : for, fifty actions oí ejectment (supposing either party could maintain one) would not establish the dividing line, because there is in fact no such line ; and none other, but a Court of Equity can make the line, and this that Court has jurisdiction to do, beeause there is no other remedy, and it is against conscience for the party to object to a division. .
 

 But it is said, these parties are neither joint tenants, co-parceners,. nor tenants in common, and consequently' this cannot be a question of partition. It is true, the parties are not strictly speaking tenants in common : but they are in a similar relation towards each other ; neither has any part in severalty, and yet-they own the whole tract to'be divided between them-. And in fact, their relation is that of tenants in common, between whom the devisor has made a partial division; leaving it to be completed by their agreement, or otherwise by a Court of Equity, which is the only Court, that can “-enforce the right.”'
 

 A devisee gives a tract of land to be equally divided between two. They are tenants in common, strictly speaking. And he gives a tract of land to be equally divided between A and B : but B is to have the “ upper part.”— Their relation is that ol tenants m common, with a parti, tial division made by the devisor.
 

 He gives (as in this case) a tract of 130 acres of land to be divided between A and B : but B is to have 80 laid off on the North side, and A, is to have the balance. Their relation is that of tenants in common, with a partial division made by the devisor, providing that B’s share shall not only be on the North side, but shall contain 80 acres; and A shall have the remnant as his share; without giving any beginning or course for the dividing line or the form of the land.
 

 
 *88
 
 The decretal order must be reversed, and this opinion be certified. If the defendant, by his answer, admits the facts alleged, he will suggest the 'mode of division, which he insists will be right. The Court can then decide between the two modes of partition suggested; or may refer the matter to the Master, with directions to have a survey, and to report a scheme of division, together with the facts. To this report, either party may except, and the question will thus be directly before the Court.
 

 Per Curiam. Ordered tó be certified accordingly.