Decided 29 December, 1902; rehearing denied 30 March, 1903.

## WINCHESTER *v.* HOOVER.

[70 Pac. 1035.]

SUIT TO DETERMINE ADVERSE CLAIM—JURISDICTION.

1. Under Section 516 of B. & C. Comp., providing that any person claiming an interest in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest therein adverse to him, for the purpose of determining such adverse claim, where plaintiffs, in possession of premises, allege ownership in fee and an adverse claim by defendants, an answer that defendants own the fee, subject to a life estate in plaintiffs, is a sufficient adverse claim to confer jurisdiction.

WILLS—CONSTRUCTION OF DEVISE.

2. A will devising certain real estate to testator's wife, to have and hold "during her life, or while she shall remain unmarried, to pay my debts, to support herself, and to maintain and educate minor children, and at her death or marriage the property to descend in equal proportions or shares to all my children," invests the wife with a life estate only, without power of sale.

From Jackson: HIERO K. HANNA, Judge.

Suit by Winchester & Main against the widow and children of George W. Hoover to determine an adverse interest in realty, and the principal question is the meaning of the will left by deceased. Plaintiffs had a decree from which defendants appeal.                                    REVERSED.

For appellants there was an oral argument by *Mr. Warren E. Thomas* and *Mr. Dexter Rice,* with a brief over the names of *William R. Willis* and *Mr. Rice,* to this effect:

The will does not create a trust: *Edgar* v. *Edgar,* 26 Or. 65 (37 Pac. 73).

Charging land with payment of debts does not give the executor under the will power to sell: *Worley* v. *Taylor,* 21 Or. 589 (28 Am. St. Rep. 771, and note, 28 Pac. 903).

For respondents there was an oral argument by *Mr. Austin S. Hammond,* with a brief over the names of *Mr. Hammond* and *Mr. Charles Price,* to this effect:

The will of G. W. Hoover created a trust, with the wife as trustee 2 Pomeroy, Eq. § 1013; 2 Story, Eq. § 1064*b* (27 Am. & Eng. Enc. Law, 62; *Brown* v. *Brown,* 7 Or. 285, 297; *Jasper* v. *Jasper,* 17 Or. 590, 593 (22 Pac. 152).; *Crozier* v. *Hoyt,* 97 Ill. 63.

The power of sale need not be conferred in express words: 18 Am. & Eng. Enc. Law (1 ed.), 901; *Van Winkle* v. *Fowler,* 52 Hun, 355; *Lindley* v. *O'Reilly,* 50 N. J. Law, 636 (7 Am. St. Rep. 802, 1 L. R. A. 79).

MR. JUSTICE BEAN delivered the opinion.

1. This is a suit to determine conflicting or adverse claims to real property. The facts are that on October 12, 1886, George W. Hoover died in Douglas County, leaving a will, in which, after giving to his children and grandchildren $1 each, he devised and bequeathed "all the balance, remainder, and residue of my estate, including both real and personal property, which I may own at the time of my death, and not herein otherwise disposed of, to my wife, Huldah E. Hoover, to have and hold during her life, or while she shall remain unmarried, to pay my debts, to support herself, and to maintain and educate minor children, and at her death or marriage the said property to descend in equal proportions or shares to all my children, share and share alike; provided that, if she dies or marries before Elmer Virgil Hoover shall become twenty-one years of age, there shall first be set apart out of said estate a sum sufficient to give him a college education, and the remainder to be divided among my children equally, share and share alike." The tuition and custody of his minor children was by the will committed to the testator's wife, who was named as executrix therein, without bonds. The will was duly and regularly admitted to probate, and the widow was appointed and qualified as the executrix thereof. At the time of his death, Hoover was the owner of considerable property in Douglas and Jackson counties, among which was lot 1, block 14, in the Town of Medford. On April 24, 1888, the widow, without any order of court, sold and conveyed the lot referred to, by warranty deed, to one Cooper, for $800, the reasonable value thereof. The plaintiffs have succeeded to Cooper's interest, and, being in possession, bring this suit against the widow and heirs, alleging in the complaint that they are the owners in fee of the property, by virtue of the deed from

Mrs. Hoover to Cooper; that they have acquired Cooper's interest therein; and that the defendants are wrongfully maintaining and asserting that such deed did not convey the fee, but only a life estate, and they are the owners of the fee, subject thereto. A demurrer to the complaint was overruled, and the defendant heirs answered, setting up affirmatively that they are the owners in fee of the property in controversy, subject to the life estate of their mother. It is unnecessary to set out the pleadings at length, as the assertion by the defendants in their answer of title adverse to that claimed by the plaintiffs is sufficient, under Section 516 of B. & C. Comp., to give the court jurisdiction. The only question for decision, therefore, is whether by the will of George W. Hoover his widow took the title to the property in fee, with the power to sell and dispose of it, or only a life interest therein.

2. The principle is familiar and well settled that in construing a will the intention of the testator, as expressed therein, must prevail. So diverse, however, are the terms of such instruments, and so varied are the facts surrounding their execution, that ordinarily but little assistance can be had from adjudicated cases. All the court can do when called upon to construe a particular will is to ascertain, as best it may, the intention of the testator from the meaning of the words used by him, as gathered from a consideration of the whole instrument, aided in some instances by such extrinsic facts as may throw light upon his motives or intentions. From an examination of the provisions of the will now under consideration, it becomes manifest that the intention of the testator was to give only a life estate in the property to the widow, and that she had no power or authority to sell or dispose of any greater interest therein. It is declared, in clear and unmistakable language, that she is to have and hold such property "during her life, or while she shall remain unmarried," and that at her death or marriage it shall descend in equal proportions to the testator's children, share and share alike, unless she shall die or marry before Elmer Hoover becomes twenty-one years of age, in which event a sum is to be set

apart out of the estate sufficient to give him a college education; the remainder to be divided equally among the testator's children. This is the sum and substance of the devise, and is a clear manifestation of the intention to limit the estate given the widow to her natural life, with the remainder over to his heirs. No language could well have been chosen more clearly indicating such a purpose. The clause accompanying the devise to the wife ("to pay my debts, to support herself, and to maintain and educate minor children") does not enlarge its terms, nor invest her with any greater estate or interest in the property than that expressly given. There is no power of sale given to the widow by the will, and, if there had been, it would not have had the effect to enlarge her estate into a fee, but would simply mean that she might fully and freely dispose of her estate in the property as a tenant for life. "A devise of an estate generally or indefinitely," says Kent, "with a power of disposition over it, carries a fee. But where the estate is given for life only, the devisee takes only an estate for life, though a power of disposition, or to appoint the fee by deed or will, be annexed, unless there should be some manifest general intent of the testator, which would be defeated by adhering to this particular intent. Words of implication do not merge or destroy an express estate for life, unless it becomes absolutely necessary to uphold some manifest general intent": 4 Kent, Com. *319.

In the case of *Brant* v. *Virginia C. & Iron Co.* 93 U. S. 326, the testator gave all his estate, real and personal, to his wife, "to have and hold during her life, and to do with as she sees proper before her death"; and the court held that she took a life estate in the property by the will, with only such power as a life tenant can have, and that a conveyance by her passed no greater interest therein. In construing the language of the will, Mr. Justice FIELD said: "The interest conveyed by the devise to the widow was only a life estate. The language used admits of no other conclusion; and the accompanying words, 'to do with as she sees proper before her death,' only conferred power to deal with the property in such manner as she

might choose, consistently with that estate, and perhaps without liability for waste committed. These words, used in connection with a conveyance of a leasehold estate, would never be understood as conferring a power to sell the property so as to pass a greater estate. Whatever power of disposal the words confer is limited by the estate with which they are connected.'' After referring to the cases of *Bradly* v. *Westcott,* 13 Ves. 445, *Smith* v. *Bell,* 31 U. S. (6 Pet.) 80, and *Boyd* v. *Strahan,* 36 Ill. 355, in support of his opinion, the learned justice proceeds: ''Numerous other cases to the same purport might be cited. They all show that, where a power of disposal accompanies a bequest or devise of a life estate, the power is limited to such disposition as a tenant for life can make, unless there are words clearly indicating that a larger power was intended.'' See, also, Sugden, Powers, *65; *Wetter* v. *Walker,* 62 Ga. 142; *Kennedy* v. *Kennedy,* 105 Ill. 350. Now, in the case at bar the fee was not devised to the widow in trust to pay debts, or to support herself or the testator's minor children. The only devise to her was a life estate in the property, and therefore whatever power of disposition is given to her by the will, either expressly or impliedly, is limited to such as a life tenant could exercise. The fact, if it is a fact, as alleged in the complaint, found by the trial court, and strenuously urged at the argument here, that the sale was made by the widow to provide means to support, maintain, and educate the minor children of the testator, is immaterial. The title to the property was not given to her in trust for any such purpose. Her power to convey it depended on the terms of the will, and not upon the purpose for which the sale or conveyance might be made. If the will gave her no power to sell or dispose of the fee, none can be inferred from the necessities of the case. We are of the opinion, therefore, that the plaintiffs are the owners of the life estate of Mrs. Hoover only, and that the fee is in the defendant heirs. The decree of the court below will therefore be reversed. REVERSED.