Argued February 13, decided March 10, 1908.

## SAVAGE *v.* SAVAGE.

[94 Pac. 182.]

QUIETING TITLE—COMPLAINT—CONSTRUCTION.

1. Where a complaint showed that plaintiff had a substantial interest in, and was in possession of certain real property, and that defendant claimed an estate or interest therein adverse to her, the action was one to determine an adverse claim to real estate within Section 516, B. & C. Comp., and not an action to construe a will, notwithstanding it contained unnecessary averments as to a will under which plaintiff and defendants claimed.

SAME—DETERMINATION OF ADVERSE CLAIMS—NATURE OF REMEDY.

2. Section 516, B. & C. Comp., providing for suits to determine adverse claims to real estate, is intended to provide an easy and simple method by which one having a substantial interest in real estate, but who cannot maintain an action at law against a claimant of an adverse interest, may require such claimant to appear in a court of equity, and set up and have his claim adjudicated, and in such a suit the court will construe either a deed or a will if necessary to an adjudication of the question involved, as an incident to its jurisdiction to determine the adverse claim.

SAME—HEARING ON COMPLAINT.

3. In proceedings to determine an adverse claim to real estate, the better practice is for the court to decline to determine the validity of defendant's claim, even if plaintiff has assumed to set it out in the complaint, until defendant has disclosed it by answer.

TRUSTS—SALE OF TRUST PROPERTY—POWER.

4. Where a testator devised and bequeathed to his widow all his real and personal property for certain uses and purposes, with power to sell and dispose of the same whenever she deemed it advantageous, and there were no words limiting the estate devised, she had the right to convey a title in fee, even though she might be required to account for the proceeds.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

Lyman A. Savage died on the 11th day of February, 1898, seised and possessed of a large amount of real

property in Marion county, and leaving a will, the material parts of which are as follows:

"I, Lyman A. Savage, of Salem, Oregon, being of sound and disposing mind and memory, do make and declare this to be my last will and testament, hereby revoking all wills and testamentary papers at any time heretofore made by me. I give, devise and bequeath all my real and personal property wheresoever and whatsoever unto my beloved wife, Theresa Jane Savage, for the following uses and purposes; viz.:

First: To support and maintain herself as she may desire during her natural life.

Second: She may support and maintain my children or either of them, as long as they or either of them, or their wife, husband, or children may desire to reside with her.

Third: To keep up the repairs, taxes, and other expenses of said properties or their income or accumulation either in the management or handling thereof.

Fourth: In case she may deem it proper or advantageous or she may so desire, she may at any time or times bargain, sell, and convey all or any part or parts of my real property, and convert the same into money for the use and benefit of my estate.

Fifth: She may at any time or times sell and convert into money any part or parts of my personal property for the use and benefit of my estate. After the death of my beloved wife, Theresa Jane Savage, I give, devise, and bequeath the rest and residue of my said property, both real and personal, remaining at the death of my wife, to my beloved daughter, Grace E. Savage, and my beloved son, Elmer M. Savage, to be divided equally between them, saving and excepting that there shall be deducted from my son, Elmer M. Savage's share, $2,000, which I have heretofore paid him as an advancement on his share of my estate."

On February 16th the will was duly proved and admitted to probate, and Mrs. Savage appointed executrix. July 29, 1898, the estate was finally settled, and executrix discharged. December 7, 1905, Mrs. Savage contracted to sell a five-acre tract of land devised to her by her husband to one John Gueffroy for $3,700; but, owing to the

fact that one of the residuary legatees, Elmer M. Savage, claimed some interest therein, the attorney for the purchaser refused to pass the title, and the sale could not be consummated. Mrs. Savage thereupon commenced this suit against Elmer M. Savage, Grace E. Robbins, legatees under the will, and the purchaser, Gueffory. In her complaint she sets out the will in full; alleges the probate thereof and the final settlement of the estate; describes the real property of which her husband died seised, and avers, that ever since his death she has been in the sole and exclusive possession of such property as the owner in fee, holding it for the uses and purposes set forth in the will; alleges the terms of the contract of sale with Gueffroy, and the reason it was not consummated; avers that defendant Elmer M. Savage wrongfully claims some estate or interest in the property adverse to her, and denies her power or authority to sell the same. The prayer is for a decree requiring him to set forth the nature of his claim, and that it be decreed to be invalid as against the plaintiff. A demurrer to the complaint was sustained, because it did not state facts sufficient to constitute a cause of suit, and plaintiff appeals.                                          REVERSED.

For appellant there was a brief over the names of *Mr. William W. Cotton, Richardson & Richardson,* and *Mr. Claire M. Inman,* with oral arguments by *Mr. Cotton, Mr. S. T. Richardson* and *Mr. Inman.*

For respondent there was a brief over the names of *Mr. John P. Kavanaugh* and *Mr. Robert W. Galloway,* with an oral argument by *Mr. Kavanaugh.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. The position of the defendants concurred in by the court below is, that the purpose of this suit is to obtain a judicial construction of a will which, under the rule announced in *Edgar* v. *Edgar,* 26 Or. 65 (37 Pac. 73),

cannot be maintained. The complaint contains many unnecessary averments, but manifestly embodies all the essential allegations required in a suit to determine an adverse claim to real estate under Section 516, B. & C. Comp. It shows that plaintiff has a substantial interest in, and is in possession of certain described real property, and that defendant claims an estate or interest therein adverse to her, and this is all that is required. It is not necessary in such a suit for plaintiff to set out the source of his title, or the nature of the adverse claim. An allegation in ordinary and concise terms of the ultimate fact that plaintiff is the owner of some substantial interest, naming it, in real estate that he is in possession of, or that it is not in possession of another, is sufficient without setting out the nature of the evidence or the probative matters which go to establish such ultimate fact; and an averment that defendant claims an adverse interest therein is sufficient, without defining it, to put him to a disclaimer or to allegation and proof of the estate or interest which he claims: *Zumwalt* v. *Madden*, 23 Or. 185 (31 Pac. 400) ; *Ladd* v. *Mills*, 44 Or. 224 (75 Pac. 141) ; *Holmes* v. *Wolfard*, 47 Or. 93 (81 Pac. 819) ; *Lovelady* v. *Burgess*, 32 Or. 418 (52 Pac. 25) ; *Ely* v. *New Mexico R. Co.* 129 U. S. 291 (9 Sup. Ct. 293: 32 L. Ed. 688) ; *Castro* v. *Barry*, 79 Cal. 443 (21 Pac. 946).

2. The purpose of the statute is to provide an easy and simple method by which one having a substantial interest in real estate, but who cannot maintain an action at law against another claiming an interest adverse to him, may require such claimant to appear in a court of equity, and set up and have his claim adjudicated. In such a suit the court will construe either a deed or a will, if necessary to an adjudication of the question involved, as an incident to its jurisdiction, to determine the adverse claim: *Simmons* v. *Hendricks*, 43 N. C. 84 (55 Am. Dec. 439). The complaint, therefore, clearly states facts sufficient to constitute a suit under the statute, and

this is probably the only question the court should consider at this time.

3. The better practice in this class of cases is for a court to decline to determine the validity of defendant's claim, even if plaintiff has assumed to set it out in the complaint, until he has disclosed it by answer. Its nature is necessarily known to him, but may not be to the plaintiff, and therefore the court, in attempting to adjudicate it before answer, may be deciding a mere moot question.

4. But since this cause was submitted on the theory that defendant's claim is based on the will, we have examined the question as to the power of the plaintiff to sell and convey in fee, the property devised to her, and have concluded that she can do so. By the terms of the will the testator devised and bequeathed to her "all my real and personal property wheresover and whatsoever" for certain uses and purposes, with power to sell and dispose of the same whenever she deemed it advantageous. There are no words limiting the estate devised, and the rule is that, where there is a devise of real property for life in express terms, with power of disposal, the power does not enlarge the estate into a fee, and the devisee can convey only such estate as he received, unless there are words clearly indicating that a larger power was intended: *Winchester* v. *Hoover*, 42 Or. 310 (70 Pac. 1035). But where there is a general devise without any specifications as to the estate devised, and an absolute power of disposal, the donee may convey a title in fee, although he may be required to account for the proceeds as a trustee: *Roberts* v. *Lewis*, 153 U. S. 367 (14 Sup. Ct. 945: 38 L. Ed. 747) ; *Little* v. *Giles*, 25 Neb. 313 (41 N. W. 186) ; *Dodge* v. *Moore*, 100 Mass. 335; *McMillen* v. *Deering*, 139 Ind. 70 (38 N. W. 398) ; *Hemhauser* v. *Decker*, 38 N. J. Eq. 426, and note; *Norcum* v. *D'Oench & Ringling*, 17 Mo. 98; *Kaufman* v.

*Breckinridge,* 117 Ill. 305 (7 N. E. 666) ; *Bishop* v. *Remple,* 11 Ohio St. 277.

It is unnecessary to express an opinion at this time upon the question whether the plaintiff took an absolute fee under the will, or took the title in trust for certain purposes; for, if she took a less estate than an absolute fee, with the power of conveying in fee, the result, so far as this suit is concerned, would be the same as if she took the fee in herself.   In either event her conveyance would pass title, and that is the only question which is important or can properly be considered in this case, so far as a construction of the will is concerned.

The decree of the court below is reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.