Argued at Pendleton May 2, reversed and remanded May 31, 1921.

## GILDERSLEEVE *v.* LEE.

(198 Pac. 246.)

**Wills—Words Construed in Usual and Ordinary Sense Unless It Appears They were Used in Technical Sense.**

1. The words of a will must be taken in their usual and ordinary sense, unless it appears that they were used in a technical or special sense, or unless, when applied to the subject matter, they have a technical or special meaning.

**Wills—Testator's Intention must Prevail as Determined from the Whole Will, and not from Detached Portions.**

2. Section 10124, Or. L., commands that all courts and others concerned in the execution of last wills shall have due regard to the directions of the will and the true interests and meaning of the testator, so that his will shall prevail, and such intent may be gathered from the whole instrument, and not from detached portions of the will alone.

**Wills—Intention Construed from Meaning Words of Whole Will Convey Per Se.**

3. In construing a will, the court seeks testatrix's intention as expressed in the will, and the court's conclusion may or may not

---

1. On law governing construction of will generally, see note in 2 L. R. A. (N. S.) 443.

Evidence admissible to aid in construction of will, see note in 50 Am. St. Rep. 279.

2. Testimony of scrivener as admissible to show intention of testator, see note in Ann. Cas. 1913A, 1017.

give words their technical or literal import, or may give expressions their ordinary and grammatical sense, but the meaning settled upon, if settled intelligibly, is that which the words and language of the whole will, properly interpreted, convey *per se*.

### Wills—Grant of Life Estate With Power of Sale Does not Enlarge Estate into a Fee, but Gives Naked Power to Dispose of Fee.

4. An absolute power of sale or disposal attached to an express life estate will not enlarge it into a fee, although the power is to convey a fee, and where an estate for life is expressly given, and the power of disposition is annexed to it, the fee does not pass under such devise, but the naked power to dispose of the fee, although it is otherwise in case there is a gift generally of the estate, with power of disposition annexed.

### Wills—Gift of Power to Dispose of Whole Estate, Annexed to Life Estate, With Remainder to Third Persons, Confers on Tenant Plenary Power to Convey Fee.

5. A right of disposition is not property, but a mere authority and an absolute power of disposal is not inconsistent with an estate for life only, and a gift of power to dispose of the whole estate annexed to an estate for life, with remainder over in fee to third persons, confers upon the life tenant plenary power to convey the fee upon the terms of the power granted.

### Wills—Where Estate is Given for Life in Definite Terms, Added Power of Disposition Does not Enlarge Estate into Fee Simple.

6. It is a rule of construction that, where an estate is given for life in definite terms, an added power of disposition does not enlarge the estate into a fee simple, and this rule seeks to give effect to the intention of the testator, but regards specific terms such as "for life," "during his or her natural life," etc., as showing what the testator intended to give.

### Wills—Will Construed as Giving Life Tenant Power to Dispose of Fee.

7. Where testatrix gave residue of estate to her husband for life, remainder to their children, and provided that "he may sell and convey any and all of the property in the usual course of business, the same as I could or would do if personally present," *held*, that the husband had power to convey the fee.

## From Wallowa: JOHN W. KNOWLES, Judge.

## In Banc.

This suit involves the right of plaintiff to convey a fee-simple title to real property. It comes here

4. Estate created by grant or devise of life estate with absolute power of disposition, see notes in 9 Ann. Cas. 947; Ann. Cas. 1912B, 424; Ann. Cas. 1916B, 575; Ann. Cas. 1916D, 400.

7. When power to sell and convey given to life tenant by will, see note in 44 Am. Rep. 783.

from the court below as the result of litigation between the parties to a real estate contract pertaining to the sale of 200 acres of land. The plaintiff, Frank E. Gildersleeve, instituted a suit for specific performance of a written contract relating to the sale of land, against defendant Robert E. Lee, the purchaser. The defendant, answering, admits substantially all the allegations of plaintiff's complaint, but alleges as a defense that the vendor has a fee-simple title to 120 acres only of the 200 sold, and avers the inability of the plaintiff to convey any greater estate than a life estate in 80 acres of the tract agreed to be conveyed, for the reason that by will he became vested with a life estate in the E. ½ of the NW. ¼ of Section 11, Twp. 2 South, R. 44 East, W. M., and has no lawful right to convey a greater estate.

From the record before us, it appears that on the sixth day of December, 1920, plaintiff and defendant entered into a contract in writing, whereby plaintiff sold and agreed to convey to defendant the NE. ¼ of the SW. ¼, the NW. ¼ of the SE. ¼, the SW. ¼ of the NE. ¼, and the E. ½ of the NW. ¼, of Sec. 11, Twp. 2 South, R. 44 East, W. M., in Wallowa County, Oregon. The contract provides that—

"As the purchase price to be paid for said land defendant has paid to plaintiff the sum of $10,000, the receipt of which is acknowledged * * , and that in addition to the payment of said sum so paid, defendant * * shall assume and agree to pay a mortgage in the sum of $15,000 given to Washington Mutual Savings Bank, a corporation of Seattle, Washington, covering all of said land, and a mortgage in the sum of $10,000 in favor of John Fruitts covering the E. ½ of the NW. ¼ of said Section 11."

The contract also recites that within a reasonable time from December 6, 1920, and, in any event, within

thirty days from said date, the plaintiff shall furnish and deliver to the defendant a complete abstract of title to the above described land, and that if such abstract shall show the title to the land to be vested in plaintiff and free from liens, encumbrances and defects, with the exception of said mortgages, plaintiff shall then execute, acknowledge and deliver to defendant a warranty deed conveying said land to defendant; that by said deed, plaintiff shall convey to and vest in defendant an absolute fee-simple title to said lands, subject nevertheless, to the outstanding mortgage liens, and if plaintiff cannot convey to defendant a fee-simple title to said lands, or any part thereof, then plaintiff shall repay to defendant the sum of $10,000, with interest thereon at the rate of 8 per cent per annum from the sixth day of December, 1920, until paid.

Plaintiff then alleges the various steps taken in complying with the provisions of the contract, including the execution, tender and attempt to deliver the deed to defendant; that defendant failed and refused to accept or receive the deed, but demanded that plaintiff repay to him the sum of $10,000, with interest; that plaintiff deposited the deed to the lands in court, for the use and benefit of the defendant.

For a defense to the cause of suit alleged in plaintiff's complaint, defendant alleges, among other things, that the abstract mentioned in plaintiff's complaint shows, and the facts are, that one Pearl D. Gildersleeve was the owner of the E. ½ of the NW. ¼ of said Section 11, the same having been conveyed to her by warranty deed bearing date July 29, 1919, duly executed by John Fruitts and Gertie M. Fruitts, his wife; that said Pearl D. Gildersleeve died on or about March 21, 1920, leaving a last will and testa-

ment, the material parts of which are as follows, to wit:

"Know All Men By These Presents: That I, Pearl D. Gildersleeve, being of sound and disposing mind and memory and not acting under duress, menace, fraud or undue influence of any person or persons whatsoever, do make, publish, and declare this my Last Will and Testament, in language following, that is to say:

"I hereby revoke all former wills and codicils by me made.

"I direct my executor hereinafter named, as soon as he shall have funds on hand belonging to my estate, to pay my funeral expenses, expenses of my last illness and all my other just debts.

"I direct and request that my body be decently buried, proper attention being paid to my rank and station in life.

"I give, devise and bequeath to my son, Floyd W. Squibb, being a son by a former marriage, the sum of One Dollar ($1), lawful money of the United States.

"I give, devise and bequeath to my son, Edward A. Gildersleeve, and to my daughter, Violet M. Gildersleeve, each the sum of One Dollar ($1), lawful money of the United States.

"All the rest, residue and remainder of my property, real, personal or mixed, of whatever the same may consist or wherever the same may be situate, I give, devise and bequeath to my husband, Frank A. Gildersleeve, during his natural lifetime, the remainder over at the time of his death to go to my said children, share and share alike, it being my intention that my said husband shall have the full management and control of all of my said property and to that end he may sell and convey any and all of the property in the usual course of business the same as I could or would do if personally present, and that the proceeds shall be used by him for his comfortable maintenance and the comfortable maintenance, education and support of my said children, the residue as aforesaid at the time of his death to

be divided, share and share alike, among my said children, or in the event of the death of any of them, among the heirs of the deceased and survivors, *per stirpes.* \* \* "

Defendant further alleges that by reason of the facts set forth in the answer, plaintiff has only a life estate in the E. ½ of the NW. ¼ of said Section 11, and the fee-simple title thereto is vested in Floyd W. Squibb, Violet M. Gildersleeve and Edward A. Gildersleeve, subject to said life estate; that by reason thereof, plaintiff is not the owner in fee simple of the E. ½ of the NW. ¼ of said Section 11 and that he cannot convey to defendant, nor vest in him, a fee-simple title to said tract of land, and that the deed described in the complaint will not convey to or vest in defendant a fee-simple title to said land as required by said contract.

A demurrer was filed by the plaintiff to the new matter alleged in the answer and set forth as a defense to the cause of suit alleged in plaintiff's complaint, which was overruled on the twelfth day of March, 1921. The plaintiff refused to plead further, and the case was ordered, adjudged and decreed to be dismissed.

Plaintiff appeals to this court, alleging error in overruling his demurrer, in dismissing the cause, and in rendering a decree in favor of defendant and against plaintiff for costs and disbursements.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. A. S. Cooley.*

For respondent there was a brief and an oral argument by *Mr. Daniel Boyd.*

BROWN, J.—The pivotal point in this case is the right of the plaintiff to convey a title in fee to the land devised to him by his wife, Pearl D. Gildersleeve. The power of plaintiff to convey a fee-simple estate depends upon the terms of the will.

1. In construing a will, its provisions must be considered together; the words are to be taken in their usual and ordinary sense, unless it appears that they are used in a technical or a special sense, or unless when applied to the subject matter they have a technical or special meaning; and the intention of the testator is paramount and controlling, so far as that purpose is within the law.

2. It is but the statement of a commonplace rule of law to observe, in the interpretation of the provisions of a will, that the intention of the testator as therein expressed must prevail. The statute of this state commands that all courts and others concerned in the execution of last wills shall have due regard to the directions of the will and the true interests (intent) and meaning of the testator in all matters brought before them: Section 10124, Or. L.; *Moreland v. Brady,* 8 Or. 303 (34 Am. Rep. 581); *Shadden v. Hembree,* 17 Or. 14 (18 Pac. 572); *Jasper v. Jasper,* 17 Or. 590 (22 Pac. 152); *Portland Trust Co. v. Beatie,* 32 Or. 305 (52 Pac. 89); *Love v. Walker,* 59 Or. 95, 103 (115 Pac. 296); *Kaser v. Kaser,* 68 Or. 153, 158 (137 Pac. 187); *Beakey v. Knutson,* 90 Or. 574 (174 Pac. 1149, 177 Pac. 955); *Boehmer v. Silvestone,* 95 Or. 172 (174 Pac. 1176, 186 Pac. 26); *Bilyeu v. Crouch,* 96 Or. 66, 69 (189 Pac. 222).

The controlling rule in ascertaining the meaning of the will of Pearl D. Gildersleeve to which all technical rules of construction must give way is, to give effect to the true intent and meaning of the testatrix

as the same may be gathered from the whole instrument; and in arriving at that intention the relation of the testatrix to the beneficiaries named in the will and the circumstances surrounding her at the time of its execution are to be taken into consideration and the will read as nearly as may be from her standpoint, giving effect, if possible, to every clause and portion of it.

It has frequently been held by the courts and stated by text-writers that a testator's intention is to be collected from the whole will taken together, and not from detached portions alone, for as it is figuratively said, the meaning must be gathered from the body of the will, or, to use another familiar expression, from the four corners of the instrument: Schouler, Wills and Administration, § 468; 40 Cyc., pp. 1388, 1389, and cases cited.

3. It is the expressed intention of the testatrix, that which her will imports, and not any conjectural intention of hers outside of the will which might or might not be capable of demonstration, that the court relies upon; and, having ascertained that expressed intention to its satisfaction, the tribunal investigates no further. Its conclusion may give words their technical or literal import, or may not; it may give expressions their ordinary and grammatical sense, or may not; but the meaning settled upon, if settled intelligibly, is that which the words and language of the whole will properly interpreted convey *per se:* Section 571 and note 1, Schouler, Wills and Administration; 40 Cyc., pp. 1389, 1390.

4. Did the will confer upon plaintiff power to sell and convey a fee-simple title to the land in controversy, without affecting his life estate therein? This question must be answered in the affirmative. An

absolute power of sale or disposal attached to an express life estate will not enlarge it into a fee, although the power is to convey a fee: 40 Cyc. 1626, 1627. The rule is this: Where an estate for life is expressly given, and a power of disposition is annexed to it, in such case the fee does not pass under such devise, but the naked power to dispose of the fee. But it is otherwise in case there is a gift generally of the estate, with a power of disposition annexed. In this latter case the property itself is transferred: BEASLEY, C. J., in *Borden* v. *Downey,* 35 N. J. L. 74, 77.

5. The right of disposition is not property, but a mere authority. An absolute power of disposal is not inconsistent with an estate for life only: *Melton* v. *Camp,* 121 Ga. 693 (49 S. E. 690).

Chancellor KENT, in *Jackson* v. *Robins,* 16 Johns. (N. Y.) 537, says:

"We may lay it down as an incontrovertible rule that, where an estate is given to a person generally or indefinitely with a power of disposition, it carries a fee, and the only exception to the rule is where the testator gives to the first taker an estate for life only by certain and express words, and annexes to it a power of disposal. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the cases."

Based upon a multitude of authorities, we quote the following from a text-writer:

"It is a general rule of law that a power to dispose of the fee annexed to a devise for life does not enlarge the estate given. Where the devisee is given a life estate only, a later clause granting such devisee the power to dispose of the fee is governed by the former provision, and the express limitation for life will con-

trol the operation of the power so as to prevent it from enlarging the estate first devised." 2 Commentaries on Wills, Alexander, § 973, and extensive list of authorities cited under note 88; likewise, authorities cited in note, 9 Ann. Cas., at page 949.

A gift of power to dispose of the whole estate, annexed to an estate for life with remainder over in fee to a third person, confers upon the life tenant plenary power to convey the fee upon the terms of the power granted: *Grace* v. *Perry,* 197 Mo. 550 (95 S. W. 875, 7 Ann. Cas. 948).

6. The rule of construction established by the great weight of authority is, that where an estate is given for life in definite terms, an added power of disposition does not enlarge the estate into a fee simple. This rule, of course, seeks to give effect to the intention of the testator, but regards specific terms such as "for life," "during his or her natural life," etc., as showing what estate the testator intended to give: Note, 9 Ann. Cas. 947, and the many cases there cited.

There is a minority rule prevailing in some states that the devise of an estate for life, coupled with an absolute power of disposition, either express or implied, gives the devisee an estate in fee: See list of authorities sustaining the minority rule, 2 Commentaries on Wills, Alexander, p. 1415, note 89.

In *Winchester* v. *Hoover,* 42 Or. 314 (70 Pac. 1035), this court has approved the legal proposition stated by Mr. Justice FIELD in *Brant* v. *Virginia C. & Iron Co.,* 93 U. S. 326 (23 L. Ed. 927, see, also, Rose's U. S. Notes), that:

"Where a power of disposal accompanies a bequest or devise of a life estate, the power is limited to such disposition as a tenant for life can make, unless there are words clearly indicating that a larger power was

intended: *Bradley* v. *Westcott,* 13 Ves. 445; *Smith* v. *Bell,* 31 U. S. (6 Pet.) 68 (8 L. Ed. 322); *Boyd* v. *Strahan,* 36 Ill. 355.''

It was held in *Winchester* v. *Hoover,* 42 Or. 314 (70 Pac. 1035), that:

''Where there is a devise of real property for life in express terms, with power of disposal, the power does not enlarge the estate into a fee, and the devisee can convey only such estate as he received, unless there are words clearly indicating that a larger power was intended.''

In the case of *Savage* v. *Savage,* 51 Or. 171 (94 Pac. 184), this court, speaking through Mr. Chief Justice BEAN, said:

''Where there is a general devise without any specifications as to the estate devised, and absolute power of disposal, the donee may convey a title in fee although he may be required to account for the proceeds as a trustee.''

7. In the case at bar, Pearl D. Gildersleeve clearly indicated that the devisee is empowered to convey a greater estate than he received. The estate devised is plainly specified as a life estate, and the power of disposal is absolute. Testatrix said, in devising her husband his life estate in the land, that:

''All the rest, residue and remainder of my property, real, personal and mixed, of whatever the same may consist or wherever the same may be situate, I give, devise and bequeath to my husband, Frank A. Gildersleeve, during his natural lifetime, the remainder over at the time of his death to go to my said children, share and share alike.''

Manifestly, it was her intention, after providing for her three children in clause 5 of the will by bequeathing to each of them one dollar, that her property, personal and real, should be bequeathed and

devised to her husband during his lifetime. The language of the testatrix establishes that she intended to devise to her husband a life estate in her property. She contemplated and said that the remainder over at the time of his death should go to her children, share and share alike. She then conferred upon him a power of disposal as follows, by stating that it was her intention—

"That my said husband shall have the full management and control of all of my said property and to that end he may sell and convey any and all of the property in the usual course of business, the same as I could or would do if personally present."

These words clearly indicate that the testatrix intended to empower her husband with full authority to sell all of her property, which included the land, and to transfer the same title that she could have conveyed if personally present. That title is a fee-simple title.

The demurrer should have been sustained.

This case is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

BENSON, J., not sitting.