Submitted on briefs October 5, reversed October 20, rehearing denied November 17, 1925.

IN THE MATTER OF THE ESTATE OF JOHANNA DIETZ REINBRECHT.

(240 Pac. 223.)

**Descent and Distribution—Second Husband of Testatrix is Her Heir.**

1. Where testatrix married twice, and never had any children by either husband, and her first husband had children by a former wife, *held* that her second husband is her heir, in view of Sections 10125, 10126, Or. L.

**Wills—Will Held to Vest Testator's Wife With Life Estate Only.**

2. Will by which testator devised all his property to his wife for her natural life, and on her death one part to go to his children, and other to the wife's heirs, *held* to vest an estate for life only in the wife, in view of Section .10119, Or. L., notwithstanding that will also appointed wife as executrix with power to convert some of testator's real estate into personalty.

See (1) 18 **C. J.** 853 (Anno.)   (2) 40 **Cyc.** 1625.

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

REVERSED.

For appellant there was a brief by *Mr. Walter C. Winslow.*

For respondent there was a brief over the names of *Mr. A. O. Condit, Mr. R. C. Glover* and *Messrs. Veazie & Veazie.*

BURNETT, J.—One Charles F. Dietz, a resident of Marion County, Oregon, made his will in due form of law April 26, 1905. After directing his executrix to pay his debts, the will contains the following provisions:

"Second, after the payment of such funeral expenses and debts, I give, devise and bequeath to my beloved wife Johanna Dietz all my property both real estate and personal property of every description, of which I shall be in possession at my death. To have and to hold all of my said real estate and personal property during her natural life and upon her death then the property to be divided into two equal parts, one part to go to my children and one part to go to my wife's heirs.

"I direct my executrix to do with the property what she may believe to be for the best interest of all concerned. She is at liberty to sell the real estate that is located in Canada and invest the proceeds in property in this State.

"Lastly, I appoint my wife Johanna Dietz to be executrix of this my last will and testament and desire that she be allowed to serve without bonds."

He died about ten days after the execution of the will, and his widow, Johanna Dietz, was appointed executrix. During her incumbency in that position she sold the real estate in Canada, mentioned in the will, and invested the proceeds in personal property in Oregon, where she resided. Afterwards she married August Reinbrecht and made a will in which she bequeathed to him a cow and provided for him thus:

"Second: I give, and bequeath to my husband, August Reinbrecht, the sum of two hundred Dollars in

cash. And I do also give and bequeath to my said husband all of the interest which may accrue on money obtained by the sale of my home place where I now live so long as he shall live. And I do hereby direct the executor of this my last will and testament, to sell said property as soon as conveniently can be done, and to loan the proceeds of such sale to the best advantage on good real estate security, and the interest therefrom is to be paid to my said husband, August Reinbrecht, as the same is collected."

She disposed of all of the remainder of her estate in certain legacies, not here necessary to be mentioned. Edward Schunke was appointed her executor. She died about September 21, 1921, some six weeks after she had executed the will. August Reinbrecht was then appointed administrator with the will annexed of Charles F. Dietz. Schunke administered upon the estate of Johanna Dietz Reinbrecht, including in his administration the proceeds of the property in Canada belonging to the estate of her first husband, which she sold during her lifetime. When Schunke made his final account, Reinbrecht, as administrator *cum testamento annexo* of Charles F. Dietz, objected to the account and sought to charge it with the amount which his predecessor, Johanna Dietz Reinbrecht, had acquired from the sale of the land in Canada and to recover the same for the Dietz estate. The County Court sustained his objections to the final account, but on appeal to the Circuit Court the decree of the County Court was reversed and the objections overruled. From this adjustment of the matter, Reinbrecht, both in person and as administrator *de bonis non* of the estate of Charles F. Dietz, appealed to this court.

1. Johanna Dietz Reinbrecht never had any children by either husband. Her first husband had chil-

dren by a former wife. Under these circumstances her second husband would be her heir: Sections 10125, 10126, Or. L.

The instant case involves not so much the title which either the executrix officially, or the widow personally, could convey with the land in Canada, as what is to become of the proceeds which were brought into this state and invested in property here. The contention of the appellant, Reinbrecht, is that the residue of the Dietz estate remaining after the death of the Dietz widow was to be divided into two shares, one of which went to the children of Dietz and the other to himself as the heir of Johanna, that being the description of the remainderman for one half of what was left of the estate of Dietz after the death of his widow. The contention of the respondent, Schunke, executor, is that the will of the woman's first husband conveyed the property to her with unlimited power of disposition, which amounts to a devise to her of an estate in fee simple.

2. This is an erroneous conception of the Dietz will. That document plainly devises all the property of the testator to his wife, "to have and to hold all of my said real estate and personal property during her natural life and upon her death then the property to be divided into two equal parts, one part to go to my children and one part to go to my wife's heirs." This indicates the utmost extent to which she is entitled to hold property. The matter is well settled by Section 10119, Or. L.:

"If any person by last will devise any real estate to any person for the term of such person's life, and after his death, to his or her children or heirs, or right heirs in fee, such devise shall vest an estate for life only in such devisee, and remainder in fee simple in such children."

The fallacy of the respondent's argument lies in the failure to distinguish between the natural person, the widow and the conventional person, the executrix. There is a natural person and there is a conventional person, as disclosed by the Dietz will. It is not the widow who is given power to alienate the property of the testator Dietz. It is the executrix who is authorized to do that. It is the same as if any stranger had been nominated by Dietz as executor of his will. The appointment as executrix gave the widow no greater personal right to the Dietz property than such a stranger would have acquired under the same circumstances. Having converted the property from the form of Canadian land into that of personal property, which she brought into this state, it was assets in the hands of the one called upon to carry out the provisions of the will. The widow's hold on the property ended with her death. At that juncture the administrator *cum testamento annexo* of the Dietz estate had a right to assume control over its assets, wind up the estate and distribute the property to those entitled under the will of Dietz, giving one half thereof to the children of Dietz and the other one half thereof to the heirs of the widow of Dietz,—in other words, to Reinbrecht himself, who, being the husband of his childless wife, became her heir upon her death.

The decree of the Circuit Court is reversed and one here entered in accordance with these directions, requiring the executor, Schunke, to pay to Reinbrecht, as administrator with the will annexed of Dietz, the amount of $1,867.55, being the net proceeds of the land in Canada sold by the Dietz executrix.

                    REVERSED AND DECREE ENTERED.