Submitted on briefs June 29, affirmed September 14, 1927.

# MARY A. CONNERTIN v. ELLEN FRANCES CONCANNON ET AL.

### (259 Pac. 290.)

**Wills—Devise to Son for Life With Remainder to His Heirs, and Remainder Over to Others if Son Died Without Issue, Held to Vest Life Estate in Son (Or. L., § 10119).**

1. In view of Section 10119, Or. L., relative to devises of life estates, a devise to testatrix's son for life with remainder to his heirs, and such remainder over to others in case the son died without issue, *held* to vest a life estate in the son.

**Wills—"Issue," as Used in Wills, Usually Means Lineal Descendants Indefinitely.**

2. As a general thing, the word "issue," as used in wills, means lineal descendants indefinitely.

**Wills—Terms "Heirs" and "Estate" in Will Should be so Construed as to Give Effect to Testatrix's Manifest Intention.**

3. Where use of the term "heirs" and "estate" was in question, *held*, that the will should be so construed as to give effect to the manifest intention of the testatrix.

**Wills—"Heir" or "Heir at Law" is Person Designated by Law to Succeed to an Estate.**

4. An "heir" or "heir at law" is a person designated by law to succeed to an estate.

**Wills—Term "Estate" may Refer to Quantity of Interest One has or to Thing Itself of Which One is Owner.**

5. Term "estate" may refer to the quantity of interest a person has from absolute ownership down to naked possession, or to the real or personal property itself of which one is owner.

**Wills—"Estate," as Used in Will, Held to Mean the Property of Deceased.**

6. Under will providing that if either of testatrix's children died without issue, "estate" of such child should descend, etc., "estate" *held* to mean the property of the deceased.

**Wills—Term "Heirs," in Will Devising Property for Life and Remainder to Heirs, Held to Mean Lineal Descendants, and not to Include Widow of Devisee.**

7. Where testatrix devised property to her son for life with remainder to his heirs, word "heirs" *held* to mean lineal descendants, and not to include widow of son.

2. See 28 R. C. L. 257.
4. See 9 R. C. L. 22.
6. See 28 R. C. L. 236.

Wills—Court must Construe Will as a Whole in Ascertaining Intention of Testatrix.

8. In construing will to ascertain intention of testatrix, court must take will by its four corners and construe it as a whole.

Estates, 21 **C. J.**, p. 914, n. 26, 27, 28, 29, 30, 32, p. 915, n. 33.
Heir, 29 **C. J.**, p. 288, n. 83, p. 292, n. 57, p. 293, n. 71, p. 295, n. 2, 5, p. 299, n. 46, p. 301, n. 53.
Wills, 40 **Cyc.**, p. 1414, n. 26, p. 1460, n. 14, p. 1620, n. 69, p. 1621, n. 73.

From Multnomah: George Tazwell, Judge.

In Banc.

This suit is predicated upon the provisions of a will executed by Ann Connertin at Portland, Oregon, on February 27, 1889. There is no controversy as to the facts. By her will, Ann Connertin devised to Mathew Connertin, her husband, for the term of his natural life, all of the real property described in her will. The will further provides:

"I direct that, after the death of said husband, the said real property hereinabove devised shall be apportioned among my said children, Thomas David Connertin and Ellen Frances Connertin, as follows:

"To my said son, Thomas David Connertin, for the term of his natural life, remainder to his heirs, all of said Lots 2 and 3 in said Block 88, Couch's Addition, and also that portion of my said North Twentieth Street property which has a frontage of 50 feet on North Twentieth by a depth of 100 feet on J Street.

"To my said daughter, Ellen Frances Connertin, for the term of her natural life, remainder to her heirs, all of said North Twentieth Street property, save and excepting said 50 by 100 feet devised to my said son.

"I further direct that, should either of my said children die without issue during the lifetime of my said other child, the said estate of the child so dying shall descend as a life estate to the survivor of my

8. Construction of will as a whole, see notes in 27 **Am. St. Rep.** 516; 11 **L. R. A. (N. S.)** 515; **L. R. A.** 1918F, 769.

said children, with remainder to the heirs of such survivor.''

Ann Connertin died in 1890. Thereafter, Mathew Connertin died, leaving as heirs Thomas David Connertin and Ellen Frances Connertin, the son and daughter mentioned in the will of Ann Connertin. Thomas David Connertin died in California on December 26, 1924, without issue, but he left a widow, Mary A. Connertin, the plaintiff herein. On November 25, 1889, Ellen Frances Connertin intermarried with one John Concannon, of Portland, Oregon, and their children are the petitioners and interveners herein. Upon the death of the son, Thomas David, his widow, Mary A. Connertin, brought suit against Ellen Frances Concannon, requiring her to appear and set up any claim which she might have in the real property described in the pleadings, and praying that the plaintiff be declared to be the owner in fee simple thereof and that defendant have no right, title or interest therein. From a decree denying the prayer of the complaint, plaintiff appeals and asserts that the court erred in decreeing that defendants and interveners are the owners respectively of a life estate and the remainder of the property involved in this suit.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. H. Daniel* and *Mr. H. H. Riddell.*

For respondents there was a brief over the names of *Mr. W. N. Gatens* and *Mr. Frank E. Manning.*

BROWN, J.—Section 10119, Or. L., provides:

''If any person by last will devise any real estate to any person for the term of such person's life, and

after his death, to his or her children or heirs, or right heirs in fee, such devise shall vest an estate for life only in such devisee, and remainder in fee simple in such children.''

1. By virtue of the above provision and the terms of the will in question, before proceeding further we are constrained to hold that Thomas David Connertin received a life estate only in the property involved herein. See, also, *Estate of Reinbrecht,* 116 Or. 184 (240 Pac. 223), wherein this court held, in an opinion by Mr. Justice BURNETT, that where the testator devises all of his property to his wife for her natural life, and on her death one part to go to his children and the other to the wife's heirs, that a life estate only was vested in the wife, notwithstanding the power of the wife to sell and convert the property into personalty. To similar effect are *Gildersleeve* v. *Lee,* 100 Or. 578 (198 Pac. 246, 36 A. L. R. 1166), *Soules* v. *Silver,* 118 Or. 96 (245 Pac. 1069). Also, see note, 36 A. L. R. 1177; 25 Michigan Law Review, p. 215.

Now, as to the devise of testatrix to her son for his natural life, with ''remainder to his heirs,'' 2 Underhill on the Law of Wills, page 883, says:

''The first question, therefore, in the case of a devise to A for life, with remainder to his heirs or to the heirs of his body, is, 'Whom did the testator intend to describe by the word ''heirs''?' ''

2-4. The terms ''heirs,'' ''issue,'' ''descendants,'' ''devisees'' and ''legatees'' are sometimes used in wills in a sense different from their ordinary signification. Moreover, their meaning may be extended or restricted so as to comport with the testator's intent: *Gildersleeve* v. *Lee, supra,* and cases there cited; *Stubbs* v. *Abel,* 114 Or. 610 (233 Pac. 852), and au-

thorities there noted; Page on Wills, 611, 612; 3
Woerner, American Law of Administration, pp. 1411,
1412. As a general thing, the word ''issue,'' as used
in wills, means lineal descendants indefinitely: 2 Jar-
man on Wills, Bigelow's Fifth Edition, p. 440.
Again, in *Gannon* v. *Peterson,* 193 Ill. 379 (62 N. E.
210, 5 L. R. A. 701), the court held that if it is appar-
ent from a reading of the will that the testator used
the words ''heirs,'' ''issue'' and ''children'' indis-
criminately, giving them their common meaning, the
court is warranted in reading them interchangeably, so
as to carry out the testator's intention as disclosed
by the entire instrument. It appears, therefore, that
there is no inflexible rule for determining the meaning
of the words ''heirs,'' ''issue'' or ''estate,'' but that,
upon the other hand, the will should be so construed
as to give effect to the manifest intention of the tes-
tator. At common law, an heir is one who is born
or begotten in lawful wedlock, and upon whom the
law casts an estate in the lands, tenements or heredit-
aments immediately upon the death of his ancestor.
Again, whoever succeeds to property of an intestate
has been defined to be an heir: Anderson's Law
Dictionary; Bouvier's Law Dictionary; Words &
Phrases. In many cases, it has been held that the
word ''heirs'' does not include the widow or widower,
and again there are decisions holding the widow to be
included in the term ''heirs,'' on the ground that she
is a statutory heir. For a list of cases cited in sup-
port of the respective holdings, see note, L. R. A.
1918A, p. 1108, on the subject, ''Does the Widow
Come Within the Term 'Heirs'?''

''A widow is an heir of her deceased husband only
in a special and limited sense, and not in a general
sense in which that term is usually used and under-

stood." *Reynolds* v. *Stockton,* 144 U. S. 254, 270 (35 L. Ed. 464, 11 Sup. Ct. Rep. 773).

However, an "heir," or "heir at law," is simply the person designated by law to succeed to an estate. It is within the competency of the legislature to make a husband or wife an heir of the other.

5. The testatrix used the word "estate." This is a word of several distinct meanings. It may refer to the "quantity of interest which a person has, from absolute ownership down to naked possession," or, "the thing itself of which one is owner; any species of property, real or personal." Anderson's Law Dictionary. To the same effect, see 21 C. J. 912–915. At page 914 thereof, we read, concerning the meaning of the term "estate":

"In a will, the meaning of the term 'estate' must often be ascertained from the connection in which it is used; and it may refer either to the thing devised or the quantity of interest, or both, and be restricted to realty only, or to personalty, as where the word is enumerated with others * * , or include both. Standing alone without qualification or restriction, it will include all kinds of property, real, personal, and mixed."

6–8. In our probate Code, the term "estate" is used as meaning the property of the deceased. Throughout the Code reference is made to the "property of the estate"; and, plainly, that was a sense in which the testatrix used the term "estate" when she directed that if either of her children should die without issue, "the said estate of the child so dying shall descend as a life estate to the survivor of my said children, the remainder to the heirs of such survivor." From this clause of the will, it appears that she used the term "heirs" in the two preceding

clauses as meaning issue, or the equivalent of lineal descendants.   We recognize the fact, however, that the term "heirs," as used in the paragraph devising real property to her son, Thomas David, is capable of meaning wife or child: *Estate of Reimbrecht,* 116 Or. 184 (240 Pac. 223).   This being true, it becomes necessary to determine in what sense the testatrix used that term; and, to reach such determination, we must take the will by its four corners and construe it as a whole.

After a careful study of the will in its entirety, we are satisfied that the expressed intent of the testatrix in this case is carried out by the decision of the court below.   Hence it is our duty to affirm the judgment.

It is so ordered.                              AFFIRMED.